RECEIPT # 60823
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 12-15-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA-FARBER CANCER INSTITUTE, INC. a/k/a THE JIMMY FUND<br>375 Longwood Avenue<br>Boston, Massachusetts 02215<br><br>Plaintiff,<br><br>v.<br><br>BOC GROUP, INC. d/b/a BOC GASES<br>575 Mountain Avenue<br>Murray Hill, New Jersey 07974<br><br>Defendant | CASE NO.:<br><br>TRIAL BY JURY<br><br>04cv12612 RCL<br><br>MAGISTRATE JUDGE Cohen |

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, by and through its attorneys, Patrick J. Loftus, III, Peter G. Rossi and Hayes A. Hunt, complain of the defendant, BOC Group, Inc. d/b/a BOC Gases, herein, allege upon information and belief as follows:

### PARTIES

1. Plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund (hereinafter referred to as "Dana-Farber"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 375 Longwood Avenue, Boston, Massachusetts, and at all times relevant hereto was involved in medical research and testing.

2. At all times material hereto, Dana-Farber operated a research facility known as Premise # 5, located at 1 Jimmy Fund Way, Boston, Massachusetts (hereinafter referred to as "Subject Premises").

3. Defendant, BOC Group, Inc. d/b/a BOC Gases (hereinafter refereed to as "BOC"), is a corporation duly organized and existing under the laws of the State of Delaware, with its

principal place of business located at 575 Mountain Avenue, Murray Hill, New Jersey, and at all times relevant hereto was engaged, *inter alia*, in the business of manufacturing, distributing, selling, supplying and maintaining industrial gases and related refrigeration equipment in the Commonwealth of Massachusetts.

## JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332, by reason of diversity of citizenship of the parties.

5.  The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and venue is proper in the United States District Court for the District of Massachusetts pursuant to the provisions of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6.  Prior to August 2, 2002, Dana-Farber and BOC entered into a contract pursuant to which BOC agreed to, *inter alia*, sell and supply a Taylor Wharton liquid nitrogen freezer unit with a Pacer Digital control system (hereinafter "Freezer") to Dana-Farber.

7.  Prior to August 2, 2002, Dana-Farber and BOC entered into a contract pursuant to which BOC agreed to, *inter alia*, service and maintain the aforesaid Freezer.

8.  Upon receipt by Dana-Farber the Freezer was used to freeze, store and maintain biological samples including human stem cells.

9.  The Freezer's temperature was controlled by the amount of liquid nitrogen in the unit.

10. On August 2, 2002, the Freezer failed to operate properly and maintain proper temperatures.

11. BOC was notified of the Freezer's failure to operate properly and maintain proper temperatures.

12. Pursuant to the aforesaid notification and on or about August 9, 2002 an employee of BOC inspected and serviced the Freezer and informed Dana-Farber that it was functioning properly.

13. In reliance on BOC's advice Dana-Farber continued to operate the Freezer.

14. On August 15, 2002 the Freezer malfunctioned causing its temperature to rise and contents to thaw destroying the biological samples resulting in loss of and damage to Dana-Farber's property.

## COUNT I
## NEGLIGENCE

15. Plaintiff incorporates by reference the averments of paragraphs one (1) through fourteen (14) above.

16. The damages sustained by Dana-Farber were caused by BOC's negligence in;

   a. selling Dana-Farber a Freezer in a defective condition;

   b. failing to inspect, test, repair and/or maintain properly the Freezer;

   c. failing to warn Dana-Farber of the dangerous and defective condition of the Freezer;

   d. failing to hire, train and/or supervise competent employees;

   e. failing to ensure that the Freezer was monitored properly;

   f. failing to ensure that the Freezer had a properly operating alarm system;

   g. failing to ensure that applicable rules, regulations, ordinances, codes and/or statutes were complied with;

   h. failed to provide adequate instruction and training regarding the operation of the Freezer;

   i. failing to take necessary precautions to protect Dana-Farber's property from being damaged;

   j. failing to maintain proper and safe nitrogen levels;

   k. recommending that the subject freezer continue to operate between August 9, 2002 and August 15, 2002; and

        l.      otherwise failing to exercise due care under the circumstances and which may be revealed during the course of discovery in this matter.

17.    As a direct and proximate result of BOC's negligence the damages to Dana-Farber's property referred to in paragraph fourteen (14) occurred.

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for its damages together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

## COUNT II
## BREACH OF CONTRACT

18.    Plaintiff incorporates by reference the averments of paragraphs one (1) through sixteen (17) above, as though fully set forth herein.

19.    Pursuant to the aforesaid contract, defendant BOC agreed, *inter alia*, to provide and supply Dana-Farber with a Freezer that operated properly and was fit for its intended purpose.

20.    Pursuant to the aforesaid contract, defendant BOC agreed, *inter alia*, to perform properly the inspection, maintenance and/or service work on the Freezer in accordance with safe methods and practices recognized by the industry and in a workmanlike manner and according to standard practices.

21.    Defendant BOC breached its obligations under the contract by failing to provide and supply a Freezer that operated properly and was fit for its intended purpose.

22.    Defendant BOC breached its obligations under the contract by failing to perform properly the aforesaid inspection, maintenance and/or service work of the subject freezer unit in accordance with all applicable codes, standards and other industry guidelines and in a safe and workmanlike manner.

23.    As a direct and proximate result of BOC's breaches of contract the damages referred to in paragraph fourteen (14) above occurred, resulting in damage to Dana-Farber's property.

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for a just and adequate compensation for its damages together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

## COUNT III
### BREACH OF EXPRESSED AND IMPLIED WARRANTIES

24. Plaintiff hereby incorporates by reference the averments of paragraphs one (1) through twenty three (23) above, as though fully set forth herein.

25. Defendant BOC expressly and impliedly warranted to Dana-Farber that the Freezer would operate properly and was fit for its intended purpose.

26. Defendant BOC expressly and impliedly warranted to Dana-Farber that the inspection, maintenance and/or service work would be performed and conducted in a professional, safe and workmanlike manner and in accordance with all applicable rules, regulations, ordinances, codes, statutes, and/or industry standards.

27. Defendant BOC breached its expressed and implied warranties by failing to sell and provide a Freezer that operated properly and was fit for its intended purpose.

28. Defendant BOC breached its expressed and implied warranties by failing to perform the inspection, maintenance and/or service work in a professional, safe and workmanlike fashion.

29. As a direct and proximate result of BOC's breaches of express and implied warranties the damages referred to in paragraph fourteen (14) occurred, resulting in damage to Dana-Farber's property.

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for a just and adequate compensation for its damages together with interest, attorney's fees,

and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

## COUNT IV
## BREACH OF WARRANTY/STRICT LIABILITY IN TORT

30. Plaintiff hereby incorporates by reference the averments of paragraphs one (1) through twenty nine (29) above, as though fully set forth herein.

31. Defendant BOC failed to provide a Freezer that was fit and adequate for its foreseeable and intended use and free from defects in design, manufacture, assembly and/or warnings and instructions, which constitutes a breach of its warranties and obligations for which it is strictly liable in tort.

32. The subject Freezer was not altered or modified in any way by the plaintiff or a third-party. As a direct and proximate result of the above-referenced failure, plaintiff sustained damage to its property. Defendant is liable and legally responsible to the plaintiff for damages caused by the unit's failure to operate properly and maintain an adequate temperature and failing to preserve the contents located therein as set forth below:

  a. the Freezer was in a defective and unreasonably dangerous condition and could not be used without unreasonable risk of injuries to the plaintiff;

  b. the defendant failed to warn or instruct the plaintiff that the Freezer unit in question was dangerous and/or subject to failure;

  c. the warnings and instructions which accompanied the Freezer unit were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of said product;

  d. the defendant misrepresented to the plaintiff and the general public that the Freezer unit in question was manufactured properly and safe for use by the public;

  e. the defendant failed to disclose to the plaintiff and the general public the dangerous propensities and defect of the Freezer;

  f. the defendant failed to properly and adequately test the Freezer unit prior to selling it;

  g. the defendant designed, manufactured and/or sold said product in a defective manner;

  h. the defendant knew or should have know the dangerous characteristics of the Freezer, yet continued their manufacture and distribution;

  i. the defendant breached the implied warranty of merchantability and the Freezer was not of merchantable quality and fit for its intended purpose; and

  j. the defendant breached its expressed implied warranties that the Freezer unit was safe and effective for its intended use.

33. As a direct and proximate result of BOC's above outlined breach of warranty, Dana-Farber sustained damages as referred to in paragraph fourteen (14).

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for a just and adequate compensation for its damages together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

Respectfully submitted,

By: _____
PATRICK J. LOFTUS, III, ESQUIRE
9 Park Street
Suite 500
Boston, MA 02108
(616) 723-7770

Dated: 12/14/04

OF COUNSEL:
Peter G. Rossi, Esquire
Cozen O'Connor
1900 Market Street
The Atrium
Philadelphia, PA 19103
(215) 665-4734

Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund

## DEFENDANTS
BOC Group, Inc. d/b/a BOC Gases

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Patrick J. Loftus, III
9 Park Street Suite 500
Boston, MA 02108
617-723-7770

ATTORNEYS (IF KNOWN)

04cv12612 RCL

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332(a)(1)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PERSONAL INJURY**
☐ 362 Personal Injury— Med Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☒ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD: Patrick J. Loftus, III

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund   v.   BOC Group, Inc. d/b/a BOC Gases

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.   (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   X   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   **04c 12612 RCL**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES.   (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   n/a

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?_____
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)_____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?_____

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES_____   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES_____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES_____ (a) __ IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Patrick J. Loftus, III
ADDRESS   9 Park Street Suite 500 Boston, MA 02108
TELEPHONE NO.   617-723-7770

(Category.frm - 09/92)