UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA-FARBER CANCER INSTITUTE, INC. a/k/a THE JIMMY FUND, )<br><br>Plaintiff )<br><br>v. )<br><br>BOC GROUP, INC. d/b/a BOC GASES, )<br><br>Defendant/Third-Party Plaintiff )<br><br>v. )<br><br>Taylor-Wharton, Harsco Corporation, Gas & Fluid Control Group and Pacer Digital Systems Inc. )<br><br>Third-Party Defendants ) | CASE NO.: 04-12612 RCL |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**COMPLAINT, THIRD-PARTY COMPLAINT AND JURY DEMAND**

The defendant, BOC Group Inc. d/b/a BOC Gases (hereinafter referred to as

"BOC Group"), hereby responds to the plaintiff's complaint as follows:

**PARTIES**

1.      The defendant is without sufficient knowledge or information to form a

belief as to the truth of the allegations set forth in paragraph 1 of the plaintiff's complaint.

To the extent an answer is required, it is denied.

2.     The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the plaintiff's complaint. To the extent an answer is required, it is denied.

3.     The defendant admits it is a foreign corporation.  The defendant further admits that it is in the business of manufacturing, distributing, selling, supplying and maintaining industrial gases and related refrigeration equipment in the Commonwealth of Massachusetts; otherwise denied.

## JURISDICTION

4.     Paragraph 4 of the plaintiff's complaint asserts a question of law to which the defendant is not required to answer.  To the extent an answer is required, it is denied.

5.     Paragraph 5 of the plaintiff's complaint asserts a question of law to which the defendant is not required to answer.  To the extent an answer is required, it is denied.

## GENERAL ALLEGATIONS

6.     The defendant denies the allegations contained in paragraph 6 of the plaintiff's complaint.

7.     The defendant denies the allegations contained in paragraph 7 of the plaintiff's complaint.

8.     The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's complaint.  To the extent an answer is required it is denied.

9.     The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's complaint.  To the extent an answer is required it is denied.

10.     The defendant denies the allegations contained in paragraph 10 of the plaintiff's complaint.

11.     The defendant denies the allegations contained in paragraph 11 of the plaintiff's complaint.

12.     The defendant admits that on or about August 9, 2002 an employee of BOC Group inspected the freezer; otherwise the defendant denies the remaining allegations contained in paragraph 12 of the plaintiff's complaint.

13.     The defendant denies the allegations contained in paragraph 13 of the plaintiff's complaint.

14.     The defendant denies the allegations contained in paragraph 14 of the plaintiff's complaint.

## COUNT I
## NEGLIGENCE

15.     The defendant repeats and reasserts its answers to paragraphs 1 – 14 of the plaintiff's complaint as if more fully set forth herein.

16.     The defendant denies the allegations contained in paragraph 16 of the plaintiff's complaint.

        a.     The defendant denies the allegations contained in paragraph 16(a) of the plaintiff's complaint.

        b.     The defendant denies the allegations contained in paragraph 16(b) of the plaintiff's complaint.

        c.     The defendant denies the allegations contained in paragraph 16(c) of the plaintiff's complaint.

d.     The defendant denies the allegations contained in paragraph 16(d) of the plaintiff's complaint.

e.     The defendant denies the allegations contained in paragraph 16(e) of the plaintiff's complaint.

f.     The defendant denies the allegations contained in paragraph 16(f) of the plaintiff's complaint.

g.     The defendant denies the allegations contained in paragraph 16(g) of the plaintiff's complaint.

h.     The defendant denies the allegations contained in paragraph 16(h) of the plaintiff's complaint.

i.     The defendant denies the allegations contained in paragraph 16(i) of the plaintiff's complaint.

j.     The defendant denies the allegations contained in paragraph 16(j) of the plaintiff's complaint.

k.     The defendant denies the allegations contained in paragraph 16(k) of the plaintiff's complaint.

l.     The defendant denies the allegations contained in paragraph 16(l) of the plaintiff's complaint.

17.     The defendant denies the allegations contained in paragraph 17 of the plaintiff's complaint.

## COUNT II
## BREACH OF CONTRACT

18.     The defendant repeats and reasserts its answers to paragraphs 1 – 17 of the plaintiff's complaint as if more fully set forth herein.

19.     The defendant denies the allegations contained in paragraph 19 of the plaintiff's complaint.

20.     The defendant denies the allegations contained in paragraph 20 of the plaintiff's complaint.

21.     The defendant denies the allegations contained in paragraph 21 of the plaintiff's complaint

22.     The defendant denies the allegations contained in paragraph 22 of the plaintiff's complaint.

23.     The defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint.

## COUNT III
## BREACH OF EXPRESSED AND IMPLIED WARRANTIES

24.     The defendant repeats and reasserts its answers to paragraphs 1 – 23 of the plaintiff's complaint as if more fully set forth herein.

25.     The defendant denies the allegations contained in paragraph 25 of the plaintiff's complaint.

26.     The defendant denies the allegations contained in paragraph 26 of the plaintiff's complaint.

27.     The defendant denies the allegations contained in paragraph 27 of the plaintiff's complaint.

28.     The defendant denies the allegations contained in paragraph 28 of the plaintiff's complaint.

29.     The defendant denies the allegations contained in paragraph 29 of the plaintiff's complaint.

**COUNT IV**
**BREACH OF WARRANTY/STRICT LIABILITY IN TORT**

30.    The defendant repeats and reasserts its answers to paragraphs 1 – 29 of the plaintiff's complaint as if more fully set forth herein.

31.    The defendant denies the allegations contained in paragraph 31 of the plaintiff's complaint.

32.    The defendant denies the allegations contained in paragraph 32 of the plaintiff's complaint.

a.    The defendant denies the allegations contained in paragraph 32(a) of the plaintiff's complaint.

b.    The defendant denies the allegations contained in paragraph 32(b) of the plaintiff's complaint.

c.    The defendant denies the allegations contained in paragraph 32(c) of the plaintiff's complaint.

d.    The defendant denies the allegations contained in paragraph 32(d) of the plaintiff's complaint.

e.    The defendant denies the allegations contained in paragraph 32(e) of the plaintiff's complaint.

f.    The defendant denies the allegations contained in paragraph 32(f) of the plaintiff's complaint.

g.    The defendant denies the allegations contained in paragraph 32(g) of the plaintiff's complaint.

h.    The defendant denies the allegations contained in paragraph 32(h) of the plaintiff's complaint.

i.    The defendant denies the allegations contained in paragraph 32(i) of the plaintiff's complaint.

j.    The defendant denies the allegations contained in paragraph 32(j) of the plaintiff's complaint.

33.    The defendant denies the allegations contained in paragraph 33 of the plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and/or damages were caused, if at all, by the conduct of a person or entity for which defendant is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's negligence exceeded any negligence of the defendant, and, therefore, the plaintiff is precluded from recovering any damages.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries and damages to the plaintiff was caused in whole or in part by its own conduct so that any recovery is barred.

## SIXTH AFFIRMATIVE DEFENSE

If the subject freezer was defective in any respect, which the defendant expressly denies, the plaintiff unreasonably proceeded to use the product with knowledge of the defect and danger, thereby barring any recovery.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff misused the product, and, therefore, the plaintiff is barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

If the plaintiff suffered damages as alleged, then such damages were caused by the plaintiff's own contributory negligence, and any recovery by the plaintiff should, therefore, be reduced by the proportion of its comparative negligence.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover for any alleged breach of warranty because of its failure to provide the defendant with timely notice of the alleged breach, as a result of which the defendant has been unduly prejudiced.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover from the defendant because its alleged damages were the result of an intervening and/or superseding cause.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff may not recover from the defendant because it has failed to properly name the defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's complaint should be dismissed as a result of insufficiency of process and service of process.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff may not recover from the defendant to the extent the risks of the product were not reasonably foreseeable, and could not have been discovered by the defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

The negligent acts and/or omissions as alleged in plaintiff's complaint were committed, if at all, by persons for whose conduct the defendant is not legally responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to join all indispensable parties whose absence will impair or impeded this defendant's ability to defend itself.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff, by its actions and/or inactions is estopped from recovering from this defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff failed to fulfill his duties imposed on it by law and such failure was the direct and proximate cases of any injures and damages it sustained.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This plaintiff's claims are banned in whole, or in part, by its failure to mitigate any damages it may have suffered.

## NINETEENTH AFFIRMATIVE DEFENSE

Any alleged default in this product developed, if at all, as a result of misuse or abuse of the product.

## TWENTIETH AFFIRMATIVE DEFENSE

This plaintiff is precluded from recovery based on the Collateral Source Rule.

WHEREFORE, the defendant, BOC Group, Inc. d/b/a BOC Gases, demands that the plaintiff's complaint be dismissed with prejudice and that it be awarded its costs and attorney fees.

## THIRD-PARTY COMPLAINT
### BOC Group Inc. d/b/a BOC Gases v. Taylor-Wharton, Harsco Corporation, Gas & Fluid Control Group

Pursuant to Fed. R. Civ. P. 14, BOC Group, Inc. (hereinafter referred to as "BOC Group"), asserts this Third-Party Complaint against Taylor-Wharton, Harsco Corporation, Gas & Fluid Control Group (hereinafter referred to as "TWHC") for indemnification and contribution.

1.      Defendant/third-party plaintiff, BOC Group, is a foreign corporation operating in Murray Hill, New Jersey.

2.      Third-Party defendant, TWHC, is a foreign corporation, with its principle place of business located at 4075 Hamilton Boulevard, Theodore, Alabama, and at all times relevant hereto was engaged in the business of engineering, designing, manufacturing, distributing, selling and supplying cryo-biological and laboratory cryogenic equipment.

3.      On or about August 1, 2000, BOC Group and TWCH entered into an Authorized Cryo-Biology Distributor Agreement (hereinafter referred to as "Agreement") whereby BOC Group was appointed as an exclusive distributor for the sale of cryo-biology products and components manufactured by TWCH.

4.    The plaintiff has alleged in the underlying complaint (attached as Ex. "A") that it was injured as a result of a defective Taylor-Wharton liquid nitrogen freezer unit with a Pacer Digital Control System (hereinafter referred to as "Freezer"), which allegations the defendant/third-party plaintiff has denied.

5.    The plaintiff alleges it was injured due to the acts and/or omissions of the defendant/third-party plaintiff in the manufacturing of the Freezer which the defendant/third-party plaintiff asserts was designed, tested, and manufactured by TWCH and Pacer and sold by the defendant/third-party plaintiff.

### COUNT I
**(Contractual Indemnification)**
**BOC Group Inc. d/b/a BOC Gases v. Taylor-Wharton,**
**Harsco Corporation, Gas & Fluid Control Group**

6.    Defendant/third-party plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 5 in the Third-Party Complaint.

7.    The plaintiff's alleged injuries, if any, were caused in whole or in part by the negligent acts and/or omissions of TWCH or persons for which TWCH is legally responsible for the alleged defective design and/or manufacture of the Freezer.

8.    Pursuant to the provisions of the Agreement, the defendant/third-party plaintiff is entitled to indemnification from the third-party defendant, TWHC, against all claims, damages, losses and expenses, including but not limited to attorney fees arising out of the plaintiff's complaint.

## COUNT II
### (Common Law Indemnification)
### BOC Group Inc. d/b/a BOC Gases v. Taylor-Wharton,
### Harsco Corporation, Gas & Fluid Control Group

9.    Defendant/third-party plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 8 above.

10.    The third-party defendant, TWHC, is liable to the defendant/third-party plaintiff for common law pass through indemnity for all costs, expenses and damages incurred by the defendant/third-party plaintiff in connection with the plaintiff's claim arising out of any defect in the designed, testing and/or manufacturing of the subject freezer.

## COUNT III
### (Contribution)
### BOC Group Inc. d/b/a BOC Gases v. Taylor-Wharton,
### Harsco Corporation, Gas & Fluid Control Group

11.    Defendant/third-party plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 10 above.

12.    The plaintiff's injuries, if any, were not caused by defendant/third-party plaintiff or any person/entity for which it is responsible.

13.    The plaintiff's injuries, if any, were caused by the negligent and/or intentional acts and omissions of the third-party defendant or other parties for which the third-party defendant is legally responsible.

14.    If the defendant/third-party plaintiff is found liable for the plaintiff's alleged injuries, which liability the defendant/third-party plaintiff denies, the third-party defendant, TWHC, is jointly liable and accordingly the defendant/third-party plaintiff is entitled to contribution from the third-party defendant, TWCH.

## REQUEST FOR RELIEF

WHEREFORE, BOC Group, Inc. d/b/a BOC Gases requests that this Honorable Court award it:

1.  Damages in contribution or indemnification to the fullest extent allowed by law;

2.  Attorneys fees, interest and costs as allowed by law; and

3.  Any other relief which this Court deems appropriate.

## THIRD-PARTY COMPLAINT
### BOC Group Inc. d/b/a BOC Gases v. Pacer Digital Systems, Inc.

Pursuant to Fed. R. Civ. P. 14, BOC Group, Inc. (hereinafter referred to as "BOC Group"), asserts this Third-Party Complaint against Pacer Digital Systems, Inc. (hereinafter referred to as "Pacer") for indemnification and contribution.

15.  Defendant/third-party plaintiff, BOC Group, is a foreign corporation operating in Murray Hill, New Jersey.

16.  Third-Party defendant, Pacer, is a foreign corporation, with its principle place of business located at 8658 Castle Park Drive, Indianapolis, Indiana, and at all times relevant hereto was engaged in the business of designing and manufacturing electronic control systems for cryogenics and refrigeration equipment which system was incorporated into the subject freezer.

## COUNT I
### (Common Law Indemnification)
### BOC Group, Inc. d/b/a BOC Gases v. Pacer Digital Systems Inc.

17.  Defendant/third-party plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 16 above.

18.     The plaintiff's alleged injuries, if any, were caused in whole or in part by the negligent acts and/or omissions of the third-party defendant, Pacer, or persons for which the third-party defendant, Pacer, is legally responsible for the alleged defective design, testing, and/or manufacture of the Pacer control system.

19.     Defendant/third-party plaintiff is entitled to indemnification from the third-party defendant, Pacer, against all claims, damages, losses and expenses, including but not limited to attorney fees arising out of the plaintiff's complaint.

20.     The third-party defendant, Pacer, is liable to the defendant/third-party plaintiff for common law pass through indemnity for all costs, expenses and damages incurred by the defendant/third-party plaintiff in connection with the plaintiff's claim.

## COUNT IV
### (Contribution)
### (BOC Group, Inc. d/b/a BOC Gases v. Pacer Digital Systems Inc.)

21.     Defendant/third-party plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 20 above.

22.     The plaintiff's injuries, if any, were not caused by defendant/third-party plaintiff or any person/entity for which it is responsible.

23.     The plaintiff's injuries, if any, were caused by the negligent and/or intentional acts and omissions of the third-party defendant, Pacer, or other parties for which the third-party defendant, Pacer, is legally responsible.

24.     If the defendant/third-party plaintiff is found liable for the plaintiff's alleged injuries, which liability the defendant/third-party plaintiff denies, the third-party defendant, Pacer, is jointly liable and accordingly the defendant/third-party plaintiff is entitled to contribution from the third-party defendant, Pacer.

## REQUEST FOR RELIEF

WHEREFORE, BOC Group, Inc. d/b/a BOC Gases requests that this Honorable

Court award it:

4.     Damages in contribution or indemnification to the fullest extent allowed by law;

5.     Attorneys fees, interest and costs as allowed by law; and

6.     Any other relief which this Court deems appropriate.

## JURY DEMAND

**DEFENDANT/THIRD-PARTY PLAINTIFF, BOC Group, Inc. d/b/a BOC Gases,**

**DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**


Defendant,
BOC Group, Inc. d/b/a BOC Gases
By its attorneys,


/s/ Michael P. Giunta
Dated: 2/2/2005                Michael P. Giunta, BBO #543768
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

00889332
16485.14

CERTIFICATE OF SERVICE

I, Michael P. Giunta, hereby certify that on this date I caused a copy of the

Defendant BOC Group, Inc. d/b/a BOC Gases Answer to Plaintiffs' Complaint and

Demand for Jury to be mailed, via first-class mail, postage prepaid, to:

Patrick Loftus, III, Esquire
9 Park Street
Suite 500
Boston, MA 02108


/s/ Michael P. Giunta
Michael P. Giunta

Dated:  2/2/2005

00889332
16485.14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANA-FARBER CANCER INSTITUTE,
INC. a/k/a THE JIMMY FUND
375 Longwood Avenue
Boston, Massachusetts 02215

                    Plaintiff,

        v.

BOC GROUP, INC. d/b/a BOC GASES
575 Mountain Avenue
Murray Hill, New Jersey 07974

                    Defendant

CASE NO.:



TRIAL BY JURY

04c 12612 RCL

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, by and through its attorneys, Patrick J. Loftus, III, Peter G. Rossi and Hayes A. Hunt, complain of the defendant, BOC Group, Inc. d/b/a BOC Gases, herein, allege upon information and belief as follows:

### PARTIES

1.    Plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund (hereinafter referred to as "Dana-Farber"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 375 Longwood Avenue, Boston, Massachusetts, and at all times relevant hereto was involved in medical research and testing.

2.    At all times material hereto, Dana-Farber operated a research facility known as Premise # 5, located at 1 Jimmy Fund Way, Boston, Massachusetts (hereinafter referred to as "Subject Premises").

3.    Defendant, BOC Group, Inc. d/b/a BOC Gases (hereinafter referred to as "BOC"), is a corporation duly organized and existing under the laws of the State of Delaware, with its

principal place of business located at 575 Mountain Avenue, Murray Hill, New Jersey, and at all times relevant hereto was engaged, *inter alia*, in the business of manufacturing, distributing, selling, supplying and maintaining industrial gases and related refrigeration equipment in the Commonwealth of Massachusetts.

## JURISDICTION

**4.**    Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332, by reason of diversity of citizenship of the parties.

**5.**    The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and venue is proper in the United States District Court for the District of Massachusetts pursuant to the provisions of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

**6.**    Prior to August 2, 2002, Dana-Farber and BOC entered into a contract pursuant to which BOC agreed to, *inter alia*, sell and supply a Taylor Wharton liquid nitrogen freezer unit with a Pacer Digital control system (hereinafter "Freezer") to Dana-Farber.

**7.**    Prior to August 2, 2002, Dana-Farber and BOC entered into a contract pursuant to which BOC agreed to, *inter alia*, service and maintain the aforesaid Freezer.

**8.**    Upon receipt by Dana-Farber the Freezer was used to freeze, store and maintain biological samples including human stem cells.

**9.**    The Freezer's temperature was controlled by the amount of liquid nitrogen in the unit.

**10.**    On August 2, 2002, the Freezer failed to operate properly and maintain proper temperatures.

**11.**    BOC was notified of the Freezer's failure to operate properly and maintain proper temperatures.

12.     Pursuant to the aforesaid notification and on or about August 9, 2002 an employee of BOC inspected and serviced the Freezer and informed Dana-Farber that it was functioning properly.

13.     In reliance on BOC's advice Dana-Farber continued to operate the Freezer.

14.     On August 15, 2002 the Freezer malfunctioned causing its temperature to rise and contents to thaw destroying the biological samples resulting in loss of and damage to Dana-Farber's property.

**COUNT I**
**NEGLIGENCE**

15.     Plaintiff incorporates by reference the averments of paragraphs one (1) through fourteen (14) above.

16.     The damages sustained by Dana-Farber were caused by BOC's negligence in:

    a.     selling Dana-Farber a Freezer in a defective condition;

    b.     failing to inspect, test, repair and/or maintain properly the Freezer;

    c.     failing to warn Dana-Farber of the dangerous and defective condition of the Freezer;

    d.     failing to hire, train and/or supervise competent employees;

    e.     failing to ensure that the Freezer was monitored properly;

    f.     failing to ensure that the Freezer had a properly operating alarm system;

    g.     failing to ensure that applicable rules, regulations, ordinances, codes and/or statutes were complied with;

    h.     failed to provide adequate instruction and training regarding the operation of the Freezer;

    i.     failing to take necessary precautions to protect Dana-Farber's property from being damaged;

    j.     failing to maintain proper and safe nitrogen levels;

    k.     recommending that the subject freezer continue to operate between August 9, 2002 and August 15, 2002; and

3

otherwise failing to exercise due care under the circumstances and which may be revealed during the course of discovery in this matter.

17.    As a direct and proximate result of BOC's negligence the damages to Dana-Farber's property referred to in paragraph fourteen (14) occurred.

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for its damages together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

## COUNT II
## BREACH OF CONTRACT

18.    Plaintiff incorporates by reference the averments of paragraphs one (1) through sixteen (17) above, as though fully set forth herein.

19.    Pursuant to the aforesaid contract, defendant BOC agreed, *inter alia*, to provide and supply Dana-Farber with a Freezer that operated properly and was fit for its intended purpose.

20.    Pursuant to the aforesaid contract, defendant BOC agreed, *inter alia*, to perform properly the inspection, maintenance and/or service work on the Freezer in accordance with safe methods and practices recognized by the industry and in a workmanlike manner and according to standard practices.

21.    Defendant BOC breached its obligations under the contract by failing to provide and supply a Freezer that operated properly and was fit for its intended purpose.

22.    Defendant BOC breached its obligations under the contract by failing to perform properly the aforesaid inspection, maintenance and/or service work of the subject freezer unit in accordance with all applicable codes, standards and other industry guidelines and in a safe and workmanlike manner.

23.    As a direct and proximate result of BOC's breaches of contract the damages referred to in paragraph fourteen (14) above occurred, resulting in damage to Dana-Farber's property.

4

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for a just and adequate compensation for its damages together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

## COUNT III
### BREACH OF EXPRESSED AND IMPLIED WARRANTIES

24.     Plaintiff hereby incorporates by reference the averments of paragraphs one (1) through twenty three (23) above, as though fully set forth herein.

25.     Defendant BOC expressly and impliedly warranted to Dana-Farber that the Freezer would operate properly and was fit for its intended purpose.

26.     Defendant BOC expressly and impliedly warranted to Dana-Farber that the inspection, maintenance and/or service work would be performed and conducted in a professional, safe and workmanlike manner and in accordance with all applicable rules, regulations, ordinances, codes, statutes, and/or industry standards.

27.     Defendant BOC breached its expressed and implied warranties by failing to sell and provide a Freezer that operated properly and was fit for its intended purpose.

28.     Defendant BOC breached its expressed and implied warranties by failing to perform the inspection, maintenance and/or service work in a professional, safe and workmanlike fashion.

29.     As a direct and proximate result of BOC's breaches of express and implied warranties the damages referred to in paragraph fourteen (14) occurred, resulting in damage to Dana-Farber's property.

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for a just and adequate compensation for its damages together with interest, attorney's fees,

and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

## COUNT IV
## BREACH OF WARRANTY/STRICT LIABILITY IN TORT

30.    Plaintiff hereby incorporates by reference the averments of paragraphs one (1) through twenty nine (29) above, as though fully set forth herein.

31.    Defendant BOC failed to provide a Freezer that was fit and adequate for its foreseeable and intended use and free from defects in design, manufacture, assembly and/or warnings and instructions, which constitutes a breach of its warranties and obligations for which it is strictly liable in tort.

32.    The subject Freezer was not altered or modified in any way by the plaintiff or a third-party. As a direct and proximate result of the above-referenced failure, plaintiff sustained damage to its property. Defendant is liable and legally responsible to the plaintiff for damages caused by the unit's failure to operate properly and maintain an adequate temperature and failing to preserve the contents located therein as set forth below:

   a. the Freezer was in a defective and unreasonably dangerous condition and could not be used without unreasonable risk of injuries to the plaintiff;

   b. the defendant failed to warn or instruct the plaintiff that the Freezer unit in question was dangerous and/or subject to failure;

   c. the warnings and instructions which accompanied the Freezer unit were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of said product;

   d. the defendant misrepresented to the plaintiff and the general public that the Freezer unit in question was manufactured properly and safe for use by the public;

   e. the defendant failed to disclose to the plaintiff and the general public the dangerous propensities and defect of the Freezer;

the defendant failed to properly and adequately test the Freezer unit prior to selling it;

g.    the defendant designed, manufactured and/or sold said product in a defective manner;

h.    the defendant knew or should have know the dangerous characteristics of the Freezer, yet continued their manufacture and distribution;

i.    the defendant breached the implied warranty of merchantability and the Freezer was not of merchantable quality and fit for its intended purpose; and

the defendant breached its expressed implied warranties that the Freezer unit was safe and effective for its intended use.

33.    As a direct and proximate result of BOC's above outlined breach of warranty, Dana-Farber sustained damages as referred to in paragraph fourteen (14).

WHEREFORE, plaintiff, Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund, demands that judgment be entered in its favor and against defendant, BOC Group, Inc. d/b/a BOC Gases, for a just and adequate compensation for its damages together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

Respectfully submitted,

By: _____

PATRICK J. LOFTUS, III, ESQUIRE
9 Park Street
Suite 500
Boston, MA 02108
(616) 723-7770

Dated: 12/14/04

OF COUNSEL:
Peter G. Rossi, Esquire
Cozen O'Connor
1900 Market Street
The Atrium
Philadelphia, PA 19103
(215) 665-4734

Attorneys for Plaintiff