# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

## WAIVER OF SERVICE OF THIRD-PARTY SUMMONS

**TO:** Michael P. Giunta, counsel for defendant/third-party plaintiff BOC Group, Inc. d/b/a BOC Gases., Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

I, Warren Oeff, as registered Agent of third-party defendant Pacer Digital Systems Inc., acknowledge receipt of your request that, Pacer Digital Systems, Inc. waive service of a third-party summons in the action of Dana-Farber Cancer Institute, Inc. a/k/a The Jimmy Fund v. BOC Group, Inc. d/b/a BOC Gases v. Taylor-Wharton, Harsco Corporation, Gas & Fluid Control Group and Pacer Digital Systems Inc., which is case number 04-12612 RCL, in the United States District Court for the District of Massachusetts.

I have also received copies of the third-party complaint and original complaint in this action, as well as two copies of this instrument, the Waiver Of Service Of Summons ("Waiver"), and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a third-party summons and an additional copy of the third-party complaint in this lawsuit by not requiring that Pacer Digital Systems Inc. be served with judicial process in the manner provided by Federal Rule of Civil Procedure 4.

Pacer Digital Systems Inc. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Pacer Digital Systems Inc. if an answer or motion under Federal Rule of Civil Procedure 12 is not served upon you within sixty days after February 14, 2005.

April 13, 2005.          _____
                         Signature

*Printed or typed name:*     Warren Oeff

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and (third-party) complaint. A (third-party) defendant located in the United States who, after being notified of an action and asked by a (third-party) plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the Waiver.

It is not good cause for a failure to waive service that a party believes that the (third-party) complaint is unfounded, or that the action has been brought in an improper place or in a Court that lacks jurisdiction over the subject-matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A (third-party) defendant who waives service must, within the time specified on the Waiver form, serve on (third-party) plaintiff's attorney a response to the (third-party) complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that (third-party) defendant. By waiving service, a (third-party) defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## CERTIFICATE OF SERVICE

I, Matthew P. Sgro, hereby certify that on this date I caused a copy of the foregoing to be served, via first-class mail, postage prepaid, to:

| | | |
|---|---|---|
| Patrick Loftus, III, Esq.<br>9 Park Street<br>Suite 500<br>Boston, MA 02108 | John J. Weinholtz, Esq.<br>Nixon Peabody, LLP<br>40 Fountain Plaza<br>Suite 500<br>Buffalo, NY 14202 | Patricia Polis McCrory, Esq.<br>Harrison Moberly<br>135 Pennsylvania Street<br>Suite 2100<br>Indianapolis, Indiana 46204 |

_____
Matthew P. Sgro

Dated:

00908409
16485.14