UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANA-FARBER CANCER INSTITUTE, INC. a/k/a THE JIMMY FUND, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CASE NO.: 04-12612 RCL |
| BOC GROUP, INC. d/b/a BOC GASES, | ) ) | **THIRD-PARTY DEFENDANT** |
| Defendant/Third-Party Plaintiff | ) ) | **TAYLOR-WHARTON'S ANSWER TO THE THIRD-PARTY** |
| v. | ) ) | **COMPLAINT** |
| TAYLOR-WHARTON, HARSCO CORPORATION, GAS & FLUID CONTROL GROUP AND PACER DIGITAL SYSTEMS INC., | ) ) ) ) ) | |
| Third-Party Defendants | ) ) | |

Third-Party Defendant Taylor-Wharton, Harsco Corporation GasServ ("Taylor-

Wharton"), erroneously sued herein as "Taylor-Wharton, Harsco Corporation, Gas & Fluid Control

Group," for it's answer to the Third-Party Complaint, alleges as follows:

1.    Lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of paragraph 1 of the Third-Party Complaint.

2.    Denies the allegations of paragraph 2 of the Third-Party Complaint as stated.

Taylor-Wharton is an unincorporated business unit of the unincorporated GasServ division of Harsco

Corporation, which is incorporated under the laws of the State of Delaware, with its principal place

of business in Camp Hill, PA, and Taylor-Wharton admits that it has a facility and offices in

Theodore, Alabama and that it has made and sold cryo-biological and laboratory cryogenic

equipment, among other products.

B84714.1

1

3.    Denies the allegations of paragraph 3 of the Third-Party Complaint as stated. Taylor-Wharton admits that it entered into an Authorized Cryo-Biology Distributor Agreement (the "Agreement") with the BOC Gases Division of The BOC Group, Inc. ("BOC") on August 1, 2000 and that such Agreement appointed BOC as an exclusive distributor for a specific geographic area set forth in the Agreement, for the sale of specific Taylor-Wharton cryo-biology products and components set forth in the Agreement.

4.    Denies the allegations of paragraph 4 of the Third-Party Complaint, to the extent such allegations were intended to infer or allege any liability or culpability on the part of Taylor-Wharton, but admits that a copy of the underlying Complaint in the primary action and BOC's Answer thereto were attached to the Third-Party Complaint.

5.    Denies the allegations of paragraph 5 of the Third-Party Complaint, to the extent such allegations were intended to infer or allege any liability or culpability on the part of Taylor-Wharton.

## AS AND TO COUNT I
### (Contractual Indemnification Claim Against Taylor-Wharton)

6.    Taylor-Wharton repeats, realleges and incorporates herein its above responses to paragraphs 1-5 of the Third-Party Complaint as its response to paragraph 6 of the Third-Party Complaint.

7.    Denies the allegations of paragraph 7 of the Third-Party Complaint.

8.    Denies the allegations of paragraph 8 of the Third-Party Complaint.

## AS AND TO COUNT II
### (Common Law Indemnification Claim Against Taylor-Wharton)

9.    Taylor-Wharton repeats, realleges and incorporates herein its above responses to paragraphs 1-8 of the Third-Party Complaint as its response to paragraph 9 of the Third-Party Complaint.

B84714.1

2

10.    Denies the allegations of paragraph 10 of the Third-Party Complaint.

## AS AND TO COUNT III
## (Contribution Claim Against Taylor-Wharton)

11.    Taylor-Wharton repeats, realleges and incorporates herein its above

responses to paragraphs 1-10 of the Third-Party Complaint as its response to paragraph 11 of the

Third-Party Complaint.

12.    Lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of paragraph 12 of the Third-Party Complaint.

13.    Denies the allegations of paragraph 13 of the Third-Party Complaint.

14.    Denies the allegations of paragraph 14 of the Third-Party Complaint.

## AS AND TO THE ALLEGATIONS OF BOC'S THIRD-PARTY COMPLAINT AGAINST
## PACER DIGITAL SYSTEMS, INC.

15.    Lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of paragraph 15 of the Third-Party Complaint.

16. - 24.    The allegations of paragraphs 16 through 24 of the Third-Party Complaint are

directed to a party other than Taylor-Wharton. Therefore, no response is required of Taylor-

Wharton to these paragraphs. To the extent a response is required, Taylor-Wharton lacks

knowledge and information sufficient to form a belief as to the truth of the allegations of

paragraphs 16 through 24 of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the applicable statute of

limitations.

## THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the underlying Complaint in the primary action are barred, in whole or in part, by the economic loss doctrine.

## FOURTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Third-Party Complaint are barred, in whole or in part, by the economic loss doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's alleged injuries and/or damages were caused, if at all, by the conduct of a person or entity for which this answering defendant is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

The negligence of the Third-Party Plaintiff exceeded any negligence of this answering defendant and, thus, the Third-Party Plaintiff is precluded from recovering any damages.

## SEVENTH AFFIRMATIVE DEFENSE

If Third-Party Plaintiff suffered any injuries and/or damages as alleged, then such injuries and/or damages were caused by the Third-Party Plaintiff's own contributory negligence, and any recovery of the Third -Party Plaintiff should, therefore, be reduced by the proportion of its comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Third-Party Complaint are barred, in whole or in part, by the doctrine of assumption of risk.

## NINTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff cannot recover for any alleged breach of warranty because of its failure to provide this answering defendant with timely notice as to any alleged breach.

## TENTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff cannot recover from this answering defendant because its alleged damages were the result of an intervening and/or superceding cause.

## ELEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's damages claim should be barred or reduced, in whole or in part, to the extent the Third-Party Plaintiff failed to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent the Third-Party Plaintiff can establish that it sustained injuries and/or damages because of a defect in a product of this answering defendant, which is expressly denied, such defect was caused by a substantial alteration or change in the product after it left this answering defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the Third-Party Plaintiff can establish that it sustained any injuries and/or damages because of a defect in a product of this answering defendant, which is expressly denied, such defect was caused by the misuse or abuse of the product.

## FOURTEENTH AFFIRMATIVE DEFENSE

The venue for the Third-Party Complaint is improper in this Court.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred under the doctrines of waiver and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred under the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the spoliation of evidence by others.

B84714.1

5

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's damages were caused, in whole or in part, by the fault of others, including but not limited to Third-Party Plaintiff, other named parties, and other persons or entities not yet identified, to which fault and damages should be allocated according to their proportional share.

## NINETEENTH AFFIRMATIVE DEFENSE

Third-party Defendant Taylor-Wharton adopts and incorporates any and all defenses that are or will be asserted by BOC Group, Inc. d/b/a BOC Gases and Pacer Digital Systems, Inc. in this action.

**WHEREFORE**, Third-Party Defendant Taylor-Wharton, Harsco Corporation GasServ requests that this honorable Court dismiss the Third-Party Complaint in its entirety, award Taylor-Wharton attorney's fees, interests and costs as allowed by law, and grant such other and further relief as this Court deems just and appropriate.

**Respectfully submitted,**

**By Its Attorneys,**

**NIXON PEABODY LLP**

A. Damien Puller
100 Summer Street
Boston, MA 02110-2131
T: (617) 345-1000
F: (617) 345-1300
                    -and-
Samuel Goldblatt, Esq.
John J. Weinholtz, Esq.
NIXON PEABODY LLP
Key Towers @ Fountain Plaza
40 Fountain Plaza, Suite 500
Buffalo, NY 14202
T: (716) 853-8100
F: (716) 853-8109

Dated: _____, 2005

B84714.1

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May ⌐, 2005.

_____
A. Damien Puller