UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA-FARBER CANCER INSTITUTE, INC. a/k/a THE JIMMY FUND ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Cause No. 1:04-cv-12612-RWZ |
| BOC GROUP, INC. d/b/a BOC GASES ) ) | |
| Defendant/Third-Party Plaintiff/ Counterclaim Defendant, ) ) ) | |
| v. ) ) | |
| TAYLOR-WHARTON, HARSCO CORPORATION, GAS & FLUID CONTROL GROUP, ) ) ) ) | |
| v. ) ) | |
| PACER DIGITAL SYSTEMS INC. ) ) | |
| Third-Party Defendants/ Counterclaim Plaintiff. ) ) | |

**THIRD PARTY DEFENDANT PACER DIGITAL SYSTEMS, INC.'S
ANSWER TO THE THIRD PARTY COMPLAINT,
COUNTERCLAIM & JURY DEMAND**

The Third Party Defendant, Pacer Digital Systems, Inc. ("Pacer"), by counsel, hereby responds to the Third Party Complaint as follows:

**Third Party Complaint Against**
**Taylor Wharton, Harsco Corporation, Gas & Fluid Control Group**
**( collectively, "Taylor Wharton")**

1.  Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 1 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

2.  Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 2 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

3.  Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 3 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

4.  Pacer denies the material allegations of paragraph 4 of the Third Party Complaint, to the extent such allegations were intended to infer or allege any liability or culpability on the part of Pacer, but admits that a copy of the underlying Complaint in the primary action and BOC's Answer thereto were attached to the Third Party Complaint.

5.  Pacer denies the allegations of paragraph 5 of the Third Party Complaint, to the extent such allegations were intended to infer or allege any liability or culpability on the part of Pacer.

**COUNT I**
**(Contractual Indemnification Claim Against Taylor-Wharton)**

6.  Pacer incorporates herein by reference its responses to paragraphs 1 – 5 of the Third Party Complaint as its response to paragraph 6 of the Third Party Complaint.

7.  The material allegations of paragraph 7 of the Third Party Complaint are directed to a party or parties other than Pacer and as a result thereof no response is required. To the

extent a response is required, Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 7 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

8. The material allegations of paragraph 8 of the Third Party Complaint are directed to a party or parties other than Pacer and as a result thereof no response is required. To the extent a response is required, Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 8 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

## COUNT II
### (Common Law Indemnification Claim Against Taylor-Wharton)

9. Pacer incorporates herein by reference its responses to paragraphs 1 – 8 of the Third Party Complaint as its response to paragraph 9 of the Third Party Complaint.

10. The material allegations of paragraph 10 of the Third Party Complaint are directed to a party or parties other than Pacer and as a result thereof no response is required. To the extent a response is required, Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 10 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

## COUNT III
### (Contribution Claim Against Taylor-Wharton)

11. Pacer incorporates herein by reference its responses to paragraphs 1 – 10 of the Third Party Complaint as its response to paragraph 11 of the Third Party Complaint.

12. Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 12 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

13. Pacer denies the allegations of paragraph 13 of the Third Party Complaint.

14. The material allegations of paragraph 14 of the Third Party Complaint are directed to a party or parties other than Pacer and as a result thereof no response is required. To the extent a response is required, Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 14 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

## Third Party Complaint Against Pacer

15. Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 15 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

16. In regards to the material allegations of rhetorical paragraph 16, Pacer admits that Pacer is a foreign corporation with its principle place of business located at 8658 Castle Park Drive, Indianapolis, Indiana, and at all relevant times herein Pacer designed and manufactured electronic control systems for cryogenics and refrigeration it designs. Pacer is without sufficient information to admit or deny the remaining material allegations of rhetorical paragraph 16 of the Third Party Complaint, and therefore, as a result thereof, the remaining allegations therein are denied.

## COUNT I
### (Common Law Indemnification Claim Against Pacer

17. Pacer incorporates herein by reference its responses to paragraphs 1 – 16 of the Third Party Complaint as its response to paragraph 17 of the Third Party Complaint.

18. Pacer denies the allegations of paragraph 18 of the Third Party Complaint.

19. Pacer denies the allegations of paragraph 19 of the Third Party Complaint.

20. Pacer denies the allegations of paragraph 20 of the Third Party Complaint.

**COUNT II (mislabeled COUNT IV)**
**(Contribution Claim Against Pacer)**

21.     Pacer incorporates herein by reference its responses to paragraphs 1 – 20 of the Third Party Complaint as its response to paragraph 21 of the Third Party Complaint.

22.     Pacer is without sufficient information to admit or deny the material allegations of rhetorical paragraph 22 of the Third Party Complaint, and therefore, as a result thereof, the allegations therein are denied.

23.     Pacer denies the allegations of paragraph 23 of the Third Party Complaint.

24.     Pacer denies the allegations of paragraph 24 of the Third Party Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Third-Party Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Third-Party Complaint is barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The causes of action alleged in the underlying Complaint in the primary action are barred, in whole or in part, by the economic loss doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

The causes of action alleged in the Third-Party Complaint are barred, in whole or in part, by the economic loss doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff's alleged injuries and/or damages were caused, if at all, by the conduct of a person or entity for which this answering defendant is not legally responsible.

5

### SIXTH AFFIRMATIVE DEFENSE

The negligence of the Third-Party Plaintiff exceeded any negligence of this answering defendant and, thus, the Third-Party Plaintiff is precluded from recovering any damages.

### SEVENTH AFFIRMATIVE DEFENSE

If Third-Party Plaintiff suffered any injuries and/or damages as alleged, then such injuries and/or damages were caused by the Third-Party Plaintiff's own comparative and/or contributory negligence, and any recovery of the Third-Party Plaintiff should, therefore, be reduced by the proportion of its comparative negligence.

### EIGHTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Third-Party Complaint are barred, in whole or in part, by the doctrine of assumption of risk.

### NINTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff cannot recover from any alleged breach of warranty because of its failure to provide this answering defendant with timely notice as to any alleged breach.

### TENTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff cannot recover from this answering defendant because its alleged damages were the result of an intervening and/or superceding cause.

### ELEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's damages claim should be barred or reduced, in whole or in part, to the extent the Third-Party Plaintiff failed to mitigate damages.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent the Third-Party Plaintiff can establish that it sustained injuries and/or damages because of a defect in a product of this answering defendant, which is expressly denied,

such defect was caused by a substantial alteration or change in the product after it left this answering defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the Third-Party Plaintiff can establish that it sustained any injuries and/or damages because of a defect in a product of this answering defendant, which is expressly denied, such defect was caused by the misuse or abuse of the product.

### FOURTEENTH AFFIRMATIVE DEFENSE

The venue for the Third-Party Complaint is improper in this Court.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred under the doctrines of waiver and/or estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred under the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the spoliation of evidence by others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's damages were caused, in whole or in part, by the fault of others, including but not limited to Third-Party Plaintiff, other named parties, and other persons or entities not yet identified, to which fault and damages should be allocated according to their proportional share.

## NINETEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant Pacer Digital Systems, Inc. adopts and incorporates any and all defenses that are or will be asserted by BOC Group, Inc. d/b/a BOC Gases and Taylor-Wharton, Harsco Corporation GasServ in this action.

WHEREFORE, the Third Party Defendant, Pacer Digital Systems, Inc., by counsel, requests that this honorable Court dismiss the Third-Party Complaint in its entirety, award Pacer attorney's fees, interest and costs as allowed by law, and all other relief deemed just and appropriate by the Court.

## COUNTERCLAIM
### Pacer Digital Systems, Inc. v. BOC Group, Inc. d/b/a BOC Gases

Pursuant to Fed. R. Civ. P. 13, Pacer Digital Systems, Inc. ("Pacer"), by counsel, hereby asserts this Counterclaim against BOC Group, Inc. d/b/a BOC Gases ("BOC Group"), for indemnification, and in support thereof states as follows:

1. BOC Group is a foreign corporation operating in Murray Hill, New Jersey.

2. Pacer is a foreign corporation with its principle pace of business located at 8658 Castle Park Drive, Indianapolis, Indiana, and at all relevant times herein designed and manufactured electronic control systems for cryogenics and refrigeration.

3. The Plaintiff's alleged injuries, if any, were caused in whole or in part by the negligent acts and/or omissions of BOC Group, or persons for which BOC Group is legally responsible.

4. Pacer is entitled to indemnification from BOC Group against all claims, damages, losses and expenses, including but not limited to attorney's fees arising out of the Plaintiff's Complaint and BOC Group's Third Party Complaint.

   5.   BOC Group is liable to Pacer for common law pass through indemnity for all costs, expenses and damages incurred by Pacer in connection with the Plaintiff's Complaint and BOC Group's Third Party Complaint.

   WHEREFORE, Pacer Digital Systems, Inc., by counsel, requests that this Court award it:

   1.   Damages for indemnification to the fullest extent allowed by the law;

   2.   Attorney's fees, interests and costs as allowed by the law; and,

   3.   All other relief just and proper in the premises.

### JURY DEMAND

   The Third Party Defendant, Pacer Digital Systems, Inc., by counsel, hereby requests a Trial by Jury as to All Issues.

>                       PACER DIGITAL SYSTEMS, INC.
>                       By Its Attorneys
>
>
>                       /s/ David. S. Barry
>                       David A. Barry BBO# 031520 (barry@srbc.com)
>                       Anthony V. Agudelo BBO# 642260 (agudelo@srbc.com)
>                       SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
>                       101 MERRIMAC Street
>                       Boston, MA  02114
>                       617-227-3030

Dated: May 11, 2005

#363057