UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 MAY 24  P 12: 20
U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| DANA-FARBER CANCER INSTITUTE, INC. a/k/a THE JIMMY FUND,<br><br>Plaintiff<br><br>v.<br><br>BOC GROUP, INC. d/b/a BOC GASES,<br><br>Defendant/Third-Party Plaintiff/ Counterclaim Defendant,<br><br>v.<br><br>TAYLOR-WHARTON, HARSCO CORPORATION, GAS & FLUID CONTROL GROUP,<br><br>and<br><br>PACER DIGITAL SYSTEMS INC.,<br><br>Third-Party Defendants/ Counterclaim Plaintiff. | Case No.: 04-CV-12612-RWZ |

**BOC GROUP, INC. d/b/a BOC GASES' ANSWER AND AFFIRMATIVE DEFENSES TO PACER DIGITAL SYSTEMS, INC.'S COUNTERCLAIM**

BOC Group, Inc. d/b/a BOC Gases ("BOC"), hereby answers the Counterclaim of Pacer Digital Systems Inc. ("Pacer") as follows:

1. Admitted.

2. Admitted.

3. Denied.

4.       Denied.

5.       Denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Pacer's counterclaim fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

Pacer's counterclaim is barred by the applicable statute of limitations.

#### THIRD AFFIRMATIVE DEFENSE

If the plaintiff was damaged as alleged in the underlying Complaint, which is denied, such damages were not caused by the conduct of a person or entity for which BOC is legally responsible.

#### FOURTH AFFIRMATIVE DEFENSE

Pacer's negligence exceeded any negligence of BOC, and, therefore, Pacer is precluded from recovering any damages.

#### FIFTH AFFIRMATIVE DEFENSE

If Pacer suffered any damages as alleged in the counterclaim, which is denied, such damages were caused in whole or in part by its own conduct so that any recovery is barred.

#### SIXTH AFFIRMATIVE DEFENSE

If Pacer suffered damages as alleged, then such damages were caused by its own contributory negligence, and therefore any recovery by Pacer should be reduced by the proportion of its contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Pacer cannot recover from BOC because its alleged damages were the result of an intervening and/or superseding cause.

### EIGHTH AFFIRMATIVE DEFENSE

Pacer has failed to join indispensable parties whose absence will impair or impede BOC's ability to defend itself.

### NINTH AFFIRMATIVE DEFENSE

Pacer, by its actions and/or inactions is estopped from recovering from BOC.

### TENTH AFFIRMATIVE DEFENSE

Pacer's counterclaim is barred, in whole or in part, by the economic loss doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Pacer's counterclaim is barred, in whole or in part, by its own assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

Pacer's counterclaim is barred, in whole or in part, because it failed to mitigate its damages.

WHEREFORE, BOC Group, Inc. d/b/a BOC Gases, demands that the counterclaim of Pacer Digital Systems Inc. be dismissed with prejudice and that it be awarded its costs and attorney fees.

### BOC GROUP INC. d/b/a BOC GASES DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

                                                Defendant,
BOC Group, Inc. d/b/a BOC Gases
By its attorneys,

*/s/ Matthew P. Sgro*

Michael P. Giunta, BBO #543768
Matthew P. Sgro, BBO #655825
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

Dated: May 23, 2005

CERTIFICATE OF SERVICE

I, Matthew P. Sgro, hereby certify that on this date I caused a copy of the foregoing to be served, via first-class mail, postage prepaid, to:

Peter G. Rossi, Esq.
Cozen O'Connor
1900 Market Street
The Atrium
Philadelphia, PA  19103

Patrick Loftus, III, Esq.
9 Park Street, Suite 500
Boston, MA  02108

John J. Weinholtz, Esq.
Nixon Peabody, LLP
40 Fountain Plaza
Suite 500
Buffalo, NY  14202

A. Damien Puller, Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA  02110

Patricia Polis McCrory, Esq.
Harrison Moberly
135 Pennsylvania Street
Suite 2100
Indianapolis, Indiana  46204

David A. Barry, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA  02114

Matthew P. Sgro

Dated: May 23, 2005

00918636
16485.14