UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12612-RWZ

DANA-FARBER CANCER INSTITUTE, INC.,
a/k/a The Jimmy Fund
*Plaintiff*

v.

BOC GROUP, INC.,
d/b/a BOC Gases
*Defendant/Third Party Plaintiff/Counterclaim Defendant*

v.

TAYLOR-WHARTON, HARSCO CORPORATION,
GAS & FLUID CONTROL GROUP
*Third-Party Defendants*

and

PACER DIGITAL SYSTEMS, INC.
*Third-Party Defendant/Counterclaim Plaintiff*

PRETRIAL ORDER
October 16, 2006

ZOBEL, D.J.

This matter having come before the court at a pretrial conference held pursuant to Rule 16, Fed.R.Civ.P., 28 U.S.C., and Patrick J. Loftus, III, Esq., and Peter G. Rossi, Esq., having appeared as counsel for Dana-Farber Cancer Institute, and Michael P. Giunta, Esq., having appeared as counsel for BOC Group, Inc., and John J. Weinholtz, Esq., having appeared as counsel for Taylor-Wharton, Harsco Corporation, Gas & Fluid Control Group, and Pacer Digital Systems, Inc., the following action was taken:

**1.    TRIAL**

Trial with a jury is scheduled to commence on December 18, 2006 at 9:00 a.m. and is estimated to last four days.

**2.    JURY**

The court will impanel eight jurors. Counsel shall file any proposed questions to the jury on voir dire by December 11, 2006. Each side will have four peremptory challenges.

**3.    ISSUES**

The parties agree that the only issues to be tried are:

***Concerning the Complaint*:**

(a)    Whether defendant, BOC Group, was negligent in the inspection and maintenance of the equipment after it failed the first time;

(b)    Whether BOC Group, breached the implied warranty of fitness in that the control panel was defective and maintenance improper;

(c)    Whether BOC breached the express warranty contained in the purchase order;

(d)    Whether defendant's negligence or breach of warranty caused cells to die;

(e)    Whether plaintiff was negligent by failing to follow defendant's instructions;

(f)    The amount of damages.

***Concerning the Third-Party Complaint***

(g)    Whether BOC is entitled to contribution and/or indemnity under common law or pursuant to contract, from Pacer Digital Systems, the manufacturer of the control panel, and/or Taylor-Wharton, Harsco Corporation, the manufacturer of the equipment.

**4.    EXHIBITS**

Prior to the commencement of trial, counsel shall confer with each other concerning any exhibits each intends to offer and note any objections each may have to the exhibits of the other.  All exhibits to which opposing counsel do not object shall be deemed to be admitted into evidence.  Counsel shall mark these exhibits and prepare a listing thereof, in duplicate.  Objected to exhibits shall be marked for identification and listed separately.

**5.    WITNESSES**

On or before December 11, 2006, each party shall file a list of witnesses who will testify at trial.

**6.    DEPOSITIONS**

If any party wishes to offer the testimony of any witness by deposition, counsel shall designate the portion or portions of such deposition sufficiently before trial, to allow all counter-designations and objections to the original designations, as well as all objections to the counter-designations to be filed also before trial.

Any disputes concerning the admissibility of deposition testimony which counsel are unable to resolve may be submitted to the court at least one day before the deposition is to be read to the jury.  Counsel shall furnish the court with a marked copy of the deposition.

**7.    STIPULATION**

On or before the first day of trial, counsel shall file with the court a stipulation of

all facts not in dispute.

**8.  REQUESTS**

On the first day of trial, counsel shall file:

(a) Requests for instructions; and

(b) Proposed questions to the jury on special verdict.

**9.  SETTLEMENT**

Counsel shall report the status of settlement discussion on or before November 21, 2006.


\_\_October 16, 2006_____          \_/s/Rya W. Zobel_____
DATE                                                                RYA W. ZOBEL
                                                                            UNITED STATES DISTRICT JUDGE